UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.A. and C.A. on behalf of themselves, and C.A., as Next Friend of G.A., a minor, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:14-CV-1839-CEJ<br>) |
| WENTZVILLE R-IV SCHOOL DISTRICT and MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions of defendants Wentzville R-IV School District and Missouri Department of Elementary and Secondary Education to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiffs have filed a response in opposition, and the issues are fully briefed.

**I. Background**

Plaintiffs are the parents of G.A., a minor child, who has been diagnosed with autism, attention deficit hyperactivity disorder, anxiety, and sensory processing disorder. During the 2011–2012 school year, G.A. was enrolled as a third-grade student in regular education classes at defendant Wentzville R–IV School District.

In December 2011, plaintiffs filed a complaint with the United States Department of Education, Office of Civil Rights, alleging that the defendant school district discriminated against G.A. because of her disabilities. In the same month, plaintiffs asked the school district to evaluate G.A. to determine her eligibility to receive special education services pursuant to the Individuals with Disabilities

Education Act (IDEA), 20 U.S.C. § 1400, *et seq.* The school district convened a multi-disciplinary team that conducted an evaluation including social, emotional, behavioral, and language assessments. On March 2, 2012, the evaluation team determined that G.A. did not meet the eligibility criteria to qualify as a student with a disability and that she was not eligible to receive special education or related services under the IDEA.

In response to this decision, plaintiffs requested an independent education evaluation. On May 16, 2012, a multi-disciplinary team again concluded that G.A. did not meet the eligibility criteria to qualify as a student with a disability. At the conclusion of the 2011–2012 school year, plaintiffs withdrew G.A. from the school district and gave notification of their intent to seek reimbursement for private school tuition and expenses.

On June 29, 2012, the school district filed a due process complaint with the Missouri Department of Elementary and Secondary Education (DESE) pursuant to 20 U.S.C. § 1415 and Mo .Rev. Stat. § 162.961, seeking a determination that its evaluations and eligibility decisions regarding G.A. were legally correct. Plaintiffs moved to dismiss, arguing that the agency did not have subject matter jurisdiction under the IDEA to review the matter. On October 8, 2012, a hearing panel for DESE denied plaintiffs' motion to dismiss. On October 18, 2012, plaintiffs filed a waiver of right to seek reimbursement of tuition and expenses associated with their placement of G.A. in a private school.

On January 22, 2013, a due process hearing was held by a three-member administrative panel. Plaintiffs did not attend or participate in the hearing. On March 12, 2013, the panel issued a written decision finding that the defendant

properly evaluated G.A. and that the denial of special education services was appropriate.

On April 26, 2013, plaintiffs filed a petition for review in the Circuit Court of St. Charles County, Missouri, seeking reversal of the administrative panel's decision. Because plaintiffs were seeking review of a decision issued pursuant to the IDEA (20 U.S.C. § 1415), the school district removed the action to this Court, pursuant to 28 U.S.C. § 1441(c)(1)(A). Aumann v. Wentzville R-IV School Dist., 2014 WL 1648742 (E.D. Mo. Apr. 23, 2014). In their petition for review, plaintiffs argued that (1) the administrative panel did not have subject matter jurisdiction to issue a decision regarding the defendant's due process complaint; and (2) that even if the panel did have jurisdiction over the due process complaint, it lost jurisdiction once plaintiffs withdrew their request to seek reimbursement of G.A.'s private school tuition and related expenses.[1]

The Court found that plaintiffs failed to allege an actual, ongoing case or controversy, and thus the issues raised in their brief on appeal were moot. Id. at *3. The Court noted that plaintiffs did not explain how a favorable judicial decision would redress any actual injury. Plaintiffs were not challenging G.A.'s individual identification, evaluation, educational placement, or the provision of a free and appropriate public education. Regardless of whether plaintiffs had previously disagreed with the outcome of the two evaluations performed by the multi-disciplinary team, plaintiffs subsequently removed G.A. from the defendant school district and waived any right to seek tuition reimbursement. Indeed, even if

---

1 Plaintiffs' brief on appeal also argued that the panel applied the incorrect standard of law for the recusal of a panel member. Plaintiffs subsequently withdrew this argument.

the Court were to hold that the hearing panel did not have jurisdiction to review defendant's due process complaint, G.A.'s current education would not be affected because G.A. was no longer enrolled in the defendant school district and was not subject to an individualized education plan. Furthermore, a judicial decision would not affect plaintiffs' right to tuition reimbursement because they had waived the right to seek that benefit. As such, the Court dismissed the case for lack of subject matter jurisdiction. Id.

On June 10, 2013 and August 29, 2013, respectively, plaintiffs filed a charge and amended charge of discrimination and retaliation under the Missouri Human Rights Act (MHRA) with the Missouri Commission on Human Rights (MCHR) against the defendant school district and the DESE. On June 23, 2014, the MCHR issued its notice of right to sue, providing plaintiffs 90 days to file a civil action in state court.

On September 15, 2014, plaintiffs filed this action in the Circuit Court of St. Charles County. In the present complaint plaintiffs again seek judicial review of the March 12, 2013 administrative decision (Count I). Plaintiffs also assert claims of disability discrimination and retaliation based on the MHRA (Counts II-IV). The action was again removed and the defendants have now filed the instant motions to dismiss for lack of subject matter jurisdiction and failure to state a claim.

**II.    Discussion**

The claim asserted in Count I of the instant first amended complaint is identical to the claim set forth in plaintiffs' previous complaint which was dismissed. Therefore, the Court's analysis of Count I is the same as its analysis of the previous claim   Plaintiffs still have not alleged facts showing the existence of an actual case or

4

controversy.  See Aumann, 2014 WL 1648742, at *3.  Therefore, Count I must be dismissed for lack of subject matter jurisdiction.

The school district premised removal of this action on the federal question raised by the claim in Count I.  Because sole federal claim will be dismissed, the Court has no jurisdiction to retain the MHRA claims in Counts II through IV.  The Court will not address the motions to dismiss these claims as they will be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that motion of defendant Wentzville R-IV School District to dismiss Counts I, II, and III of the first amended complaint [Doc. #25] is **granted as to Count I only.**

An order of partial dismissal and remand will accompany this Memorandum and Order.

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 6th day of April, 2015.